Catharine Kelley, Plff. in Err., *v.* Pennsylvania Railroad Company.

One who attempts to cross a railroad track in plain sight of a near approaching engine is guilty of contributory negligence.

(Decided April 11, 1887.)

January Term, 1887, No. 163, E. D., before Mercur, Ch. J., Trunkey, Sterrett, Green, and Clark, JJ. Error to the Common Pleas No. 1 of Philadelphia County to review a judg-

ment of nonsuit in an action of trespass on the case for negligence.   Affirmed.

The evidence tended to establish the following facts:

The defendant operated a railroad in Philadelphia, along Lehigh avenue, which is about 150 feet wide, crossing Cedar street, a much frequented thoroughfare, on which is a line of street cars, at right angles.   After dark on the night of February 20, 1886, Patrick Kelley was walking north on Cedar street and started to cross Lehigh avenue.   In crossing the railroad track he was struck by the north part of an engine backing eastward along Lehigh avenue, was thrown to the side of the track and killed.   This suit was brought by his widow.

The engine was going faster than a horse trots, and was not checked at the crossing.   There was no gate or stationary flagman at this crossing.   Upon the engine were two flagmen for flagging crossings, one up and the other down the track, but they did not get off to signal the crossing as they had done before on special occasions.   The engine bell was rung for two squares before reaching Cedar street, and a head light in front and lights on the rear of the engine were burning.   The whistle was not blown until Kelley started to cross.

A witness called by the plaintiff testified that he was going along the west side of Cedar street in the same direction as Kelley, saw the light on the engine, heard the bell and waited for the engine to pass.

The engine was 14 or 15 yards away when Kelley attempted to cross the street.   There was nothing to prevent him from seeing the locomotive, which was plainly visible from the sidewalk for the distance of a square.   Another witness, who was on Lehigh avenue one square west of Cedar street, heard the bell and saw the light as the locomotive approached.

The court entered a compulsory nonsuit and afterwards dismissed a motion to take it off, which was assigned as error.

*Crawford & Dallas,* for plaintiff in error.—What signals, whether a whistle or flagman, are necessary is a question of fact for the jury.   Pennsylvania R. Co. v. Coon, 111 Pa. 439, 2 Cent. Rep. 323, 3 Atl. 234.

If a flagman were not necessary, yet if one had been employed or used there before, and there be none at the time, the

defendant is liable.   St. Louis, V. & T. H. R. Co. v. Dunn, 78 Ill. 197, 199.

If a flagman would have prevented the injury and one be not there, although other less efficient signals, as the ringing of a bell, were used, the defendant is liable.   Kinney v. Crocker, 18 Wis. 81, 82; Kissenger v. New York & H. R. Co. 56 N. Y. 543.

Backing an engine requires great care.   Philadelphia & R. R. Co. v. Anderson, 94 Pa. 361, 39 Am. Rep. 787.

The absence of signals before used imparts a sense of security, and relieves what would otherwise be contributory negligence.   Pennsylvania R. Co. v. Ogier, 35 Pa. 72, 78 Am. Dec. 322.

The decedent is presumed to have used due care, and the question is for the jury.   Schum v. Pennsylvania R. Co. 107 Pa. 11, 14, 52 Am. Rep. 468; Detroit & M. R. Co. v. Van Steinburg, 17 Mich. 118–124; Pennsylvania R. Co. v. Coon, 111 Pa. 431–439, 2 Cent. Rep. 323, 3 Atl. 234.

*George Tucker Bispham,* for defendant in error.—The case is wholly different from Pennsylvania R. Co. v. Ogier, 35 Pa. 72, 78 Am. Dec. 322.   In that case Ogier was placed, by the failure to blow the whistle, in a position of peril where he was suddenly called upon to decide what course should be pursued.   The court below said: "From the position in which he was placed, when he first could have seen the approach of the train, it is a reasonable conclusion to draw that he was in peril and must have acted upon impulse rather than from judgment."

It is vain for the plaintiff to rely upon the presumption of law that the decedent did his duty, when the evidence of the plaintiff shows that the decedent, in spite of what his eyes and ears told him, walked directly in front of a moving locomotive. Carroll v. Pennsylvania R. Co. 12 W. N. C. 348.

It is the imperative duty of the traveler to stop, look, and listen for approaching trains before attempting to pass over; if he neglects this legal duty, or knowingly attempts to cross in front of a rapidly moving train, he takes his life in his own hands and assumes the risk of personal injury.   Lehigh Valley R. Co. v. Brandtmaier, 113 Pa. 616, 5 Cent. Rep. 144, 6 Atl. 238.

Per Curiam:

The evidence of the plaintiff showed so clearly that her hus-

band was guilty of contributory negligence, in attempting to cross the track in plain sight of the moving engine, that the court committed no error in not submitting the case to the jury.

Judgment affirmed.